IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DUSA PHARMACEUTICALS, INC., a New Jersey corporation; and QUEEN'S UNIVERSITY AT KINGSTON, a Canadian academic Organization,<br><br>        Plaintiffs,<br><br>v.<br><br>SHERMAN KATZ, M.D., an Ohio resident, and SHERMAN A KATZ, M.D., INC., an Ohio corporation<br><br>        Defendant. | No. 2:06-cv-573<br><br>Judge Graham<br><br>Magistrate Judge Abel |

## **CONSENT JUDGMENT**

Plaintiffs DUSA Pharmaceuticals, Inc.® ("DUSA®") and Queen's University at Kingston ("Queen's University") (collectively "Plaintiffs") and Defendants Sherman Katz, M.D. ("Dr. Katz") and Sherman A. Katz, M.D., Inc. (collectively "Defendants") having agreed to a settlement of the matters at issue between them, hereby agree and consent to judgment as follows:

1. Plaintiffs' above-captioned complaint is a civil action with claims arising from and related to patent infringement of United States Patent Nos. 6,710,066 ("the '066 patent") and 5,955,490 ("the '490 patent") under 35 U.S.C. §271(a).

2. Without admission of the claims and/or allegations contained in the above-captioned complaint, Defendants consent and agree to the terms of this Consent Judgment as fully set forth herein. Defendants assert, and Plaintiffs do not contest, that they were unaware of the existence

of the '066 patent and the '490 patent at all times prior to the filing of the complaint in this action.

3. Defendants consent and agree to be permanently enjoined from infringing United States Patent No. 6,710,066 during the life of that patent, and in furtherance thereof will not use aminolevulinic acid containing drug products from a source other than DUSA for treatment of actinic keratosis.

4. Defendants consent and agree to be permanently enjoined from infringing United States Patent No. 5,955,490 during the life of that patent, and in furtherance thereof will not use aminolevulinic acid containing drug products from a source other than DUSA to treat patients for acne.

5. Defendants warrant and represent that they have not been indemnified or held harmless by any person or entity with respect to any of the actions and/or conduct asserted in the above-captioned Complaint. Defendants warrant and represent that no person or entity other than Defendants has paid or will pay their litigation expenses, including but not limited to attorney fees and costs, associated with this matter.

6. Defendants further warrant and represent that they have no agreements or understandings (written or otherwise) with any person or entity other than their attorneys and Plaintiffs with respect the subject matter or conduct of this litigation (as construed in the broadest sense), including but not limited to the use of aminolevulinic acid containing drug products to treat human patients for actinic keratosis and/or acne, infringement of the patents at issue and/or inducement to infringe the patents at issue by any person or entity whether or not the current subject of litigation.

7. Defendants warrant and represent that a truthful and complete account of their use aminolevulinic acid containing drug products to treat human patients for actinic keratosis and/or

acne is set forth in the October 20, 2006 Affidavit of Sherman Katz, M.D (the "Affidavit"). Defendants warrant and represent that the Affidavit also contains a truthful and complete account of Defendants' dealings with Frontier Scientific, Inc., Alderm N.A., Photo Therapeutics, Ltd., Photo Therapeutics Group, Ltd., and/or any other persons or entities that sell or otherwise provide aminolevulinic acid or an Omnilux light source, including but not limited to any and all representations made by such persons or entities relating to the use of aminolevulinic acid containing drug products to treat human patients for actinic keratosis and/or acne. Defendants warrant and represent that they have provided Plaintiffs with all facts, documents and materials related to the statements contained in the Affidavit. Defendants further warrant and represent that they will provide Plaintiffs with reasonable assistance, upon request, with respect to the Affidavit and/or the subject matter of this litigation (as construed in the broadest sense), including but not limited to infringement of the patents at issue and/or inducement to infringe the patents at issue by any person or entity whether or not the current subject of litigation. Such assistance may include, but is not limited to, Defendants' deposition testimony, testimony at trial, or other assistance as may be deemed necessary. Upon request, Plaintiffs will reimburse Defendants for their reasonable out-of-pocket expenses associated with such assistance, such as travel and hotel expenses, as permitted by applicable law or rule of court.

8. Defendants understand that Plaintiffs have entered into this Consent Judgment in reliance on the truthfulness and completeness of the warranties and representations contained herein and referred to in the Affidavit. Should any warranty and/or representation contained in either the Consent Judgment and/or the Affidavit be materially false, the Parties agree that Plaintiffs shall have an absolute right to reinstate the above-captioned claims and/or bring any other action they deem appropriate, regardless of applicable statutes of limitations.

9. Defendants further consent and agree to make available for inspection by Plaintiffs Defendants' books and/or other records likely to establish whether Defendants are in compliance with the terms of the Consent Judgment as set forth herein. Defendants shall make these books

and/or other records available for inspection by Plaintiffs on request no more often than once per year on reasonable notice, with the expense of inspection to be borne by Plaintiffs and upon reasonable notice, unless such inspection reveals that Defendants are not in compliance with the consent judgment, in which case the expense will be borne by Defendants. Such inspection shall include appropriate safeguards for Defendants' and patient confidentiality.

10. Defendants consent and agree that Plaintiffs shall have the absolute right to enforce any and all terms of this Consent Judgment by and through any means permitted under statutory and/or common law.

11. Plaintiffs consent and agree to waive the entry of any monetary award in their favor and to forego reimbursement by Defendants for attorney fees and costs, provided that Defendants comply with each of the terms and conditions of this Consent Judgment as set forth herein.

12. Defendants also consent and agree that in the event Defendants materially fail to comply with any or all terms of this Consent Judgment, Plaintiffs shall have the right to obtain from Defendants all damages awards previously waived, and all fees and costs associated with bringing the above-captioned action and from enforcing compliance with this Consent Judgment, if and to the extent permitted by 35 U.S.C. § 281, et. seq., or other applicable provision of law.

**SO ORDERED:**            **BY THE COURT:**

Dated: _November 2_, 2006

_____
UNITED STATES DISTRICT JUDGE.